FILED
CLERK
1/22/2016 2:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KWABENA BADU T/A KWABENABE ENTERPRISE and FREDA O. BONSU,

               Plaintiffs,

  -against-

ELIZABETH ALLEN and CARS FOR LESS a/k/a COPART,

               Defendants.
------------------------------------------------------------------x

**ORDER**
14-cv-1230(ADS)(SIL)

**APPEARANCES:**

**Jack M. Bernard, Esq.**
*Attorney for the Plaintiffs*
100 South Broad Street
Philadelphia, PA 19110

**NO APPEARANCES:**

**Elizabeth Allen**
*Defendant*

**Cars for Less a/k/a Copart**
*Defendant*

**SPATT, District Judge:**

On February 25, 2014, the Plaintiffs Kwabena Badu t/a Kwabenabe Enterprise ("Badu") and Freda O. Bonsu ("Bonsu," together with Badu, the "Plaintiffs") commenced this action against the Defendants Elizabeth Allen ("Allen") and Cars for Less a/k/a Copart ("Copart"), alleging violations of the Federal

Odometer Act, 49 U.S.C. § 32701 *et seq.*, a subchapter of the Federal Motor Vehicle Information and Cost Savings Act (the "Odometer Act").

On March 28, 2015, the Plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55, seeking a default judgment against Copart only.

On March 29, 2015, this Court referred the motion to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, the appropriate amount of damages, including costs and attorneys' fees.

On October 29, 2015, Judge Locke issued a Report and Recommendation (the "R&R"), recommending that the motion be denied and no damages be awarded. In view of the fact that the Defendants have not appeared in this action, Judge Locke further recommended that, if this Court were to adopt the R&R, the complaint should be dismissed without prejudice, and the Plaintiffs be granted leave to file an amended complaint.

Presently before the Court are objections to the R&R (the "Objections"), which were timely filed by the Plaintiffs on November 5, 2015, pursuant to 28 U.S.C. § 636(b)(1).

## I. Discussion

The relevant factual background of this case is appropriately set forth in Judge Locke's R&R, and will not be repeated here. Therefore, after an initial discussion of the law, the Court will review the Plaintiffs' Objections.

## A. The Standard of Review

To the extent that the Plaintiffs make specific and timely written objections to the R&R, the Court must review *de novo* those portions of the report to which objection is made. See Leser v. United States Bank Nat'l Ass'n, 09-cv-2362, 2013 U.S. Dist. LEXIS 32464, at *6 (E.D.N.Y. Mar. 7, 2013) (quoting 28 U.S.C. § 636(b)(1)(C)). In this regard, "*[d]e novo* review requires that the court 'give fresh consideration to those issues to which specific objections have been made'" and "examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions.'" Singleton v. Caron, 03-cv-455, 2006 U.S. Dist. LEXIS 49117, at *5-*6 (N.D.N.Y. July 18, 2006) (quoting Almonte v. N.Y. State Div. of Parole, 04-cv-484, 2006 U.S. Dist. LEXIS 2926, at *15 (N.D.N.Y. Jan. 18, 2006)). After review, "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Leser, 2013 U.S. Dist. LEXIS 32464, at *6 (quoting 28 U.S.C. § 636(b)(1)).

However, "where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" Id. at *6-*7 (quoting Zaretsky v. Max-Aids, Inc., 10-cv-3771, 2012 U.S. Dist. LEXIS 64291, at *4 (E.D.N.Y. June 18, 2012), aff'd, 529 F. App'x 97 (2d Cir. 2013)). In this regard, the Second Circuit has held that "bare statement[s], devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by

legal authority," are insufficient to warrant *de novo* review. Mario v. P & C Food Mkts., 313 F.3d 758 (2d Cir. 2002); see Rothenberger v. N.Y. City Police Dep't, 06-cv-868, 2008 U.S. Dist. LEXIS 46614, at *3 (E.D.N.Y. June 16, 2008) (finding the plaintiff's objections to be insufficient where they consisted of "little more than a list of documents and facts that he believe[d] the court should have considered in arriving at its findings" and failed to "provide any reasoning – legal or otherwise – to support his argument that [the] Magistrate Judge [ ] erred either in her consideration of the evidence or in arriving at any conclusion or recommendation").

**B.     Brief Overview of the Applicable Legal Principles**

Congress enacted the Odometer Act "to prohibit tampering with motor vehicle odometers" and "to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701(b)(1)-(2). As this statement of legislative purpose suggests, there are two primary components of the Act, namely: (i) the anti-tampering provision established by 49 U.S.C. § 32703; and (ii) the disclosure provision established by 49 U.S.C. § 32705. Judge Locke determined that both statutory components are implicated in this case, and issued recommended rulings as to each.

The anti-tampering provision of the Odometer Act prohibits people from disconnecting, resetting, or altering an odometer of a motor vehicle, with the intent to change the mileage registered by the odometer. See 49 U.S.C. § 32703(2).

The disclosure provision of the Act requires "a person transferring ownership of a motor vehicle [to] give the transferee . . . written disclosure . . . of the

4

cumulative mileage registered on the odometer." Id. § 32705(a)(1)(A)-(B). The applicable interpretive regulations clarify that, for purposes of the statute, "[t]ransferor means any person who transfers his ownership of a motor vehicle . . ." 49 C.F.R. § 580.3.

## C. The Plaintiffs' Objections

### 1. As to Liability under the Anti-Tampering Provision

In the R&R, Judge Locke found that the complaint did not contain sufficient facts to establish liability under the Act's anti-tampering provision. In this regard, the Plaintiffs did not specify which of the named Defendants they contend may be liable under this provision. In fact, although the instant motion seeks a default judgment as against the Defendant Copart only, the complaint fails to allege that Copart or its employees actually altered or otherwise tampered with the odometer on the Plaintiffs' automobile. Instead, the relevant allegations of tampering are conclusory and directed at the Defendants jointly. Accordingly, Judge Locke appropriately found that the Plaintiff's allegations were not well-pleaded and were insufficient to sustain their burden on their motion for a default judgment.

The Plaintiffs' objection to this portion of the R&R is also conclusory. In particular, they rely on paragraph 2 of the complaint, which alleges that the "Defendants advertised and represented that the motor vehicle, a 2011 Honda Civic[,] had 16,000 miles on its odometer." Allegedly, this was later discovered to be untrue. However, as Judge Locke correctly noted, this allegation fails to indicate which party engaged in the improper behavior, and fails to state any facts relating

5

to odometer tampering.  Relying solely on this paragraph, the Plaintiffs contend that "liability [under the anti-tampering provision] is alleged by implication from the fact that that vehicle was so advertised and represented."  The Court disagrees.

The Plaintiffs' Objection in this regard does not address any of the relevant reasoning set forth by Judge Locke, nor does it identify any legal authority for their summary conclusion that statutory liability was adequately pled.  Thus, the Court finds that this objection is conclusory and insufficient to warrant *de novo* review.  Consequently, the Court reviews this portion of the R&R for clear error, and finding none, now concurs in its reasoning and result.

**2.     As to Liability under the Disclosure Provision**

Judge Locke also found that the complaint was insufficient to establish liability under the Odometer Act's disclosure provision.  In particular, the court noted that the Plaintiffs did not allege that Copart had an ownership interest in the subject automobile, and therefore, could not be a "transferor" under the relevant statutory definition.  To the extent that only "transferors" can be held liable for failing to disclose relevant information, namely, the automobile's true mileage, Judge Locke appropriately found that liability against Copart had not been established.

Again, the Plaintiffs object only in conclusory fashion.  For example, they contend primarily that the "complaint and the exhibits clearly demonstrate that the true mileage, 125,894 was not disclosed."  This is a legal conclusion, which does not address any of the relevant reasoning set forth in the R&R.

Further, the Plaintiffs state, without any reference to legal authority, that "[a] transferor is not necessarily an owner of the vehicle." This bare, unsupported assertion is contrary to the relevant interpretive regulations, and is therefore insufficient to warrant *de novo* review.

In this regard, the Court notes that the Plaintiffs dispute Judge Locke's characterization of Copart as an "auto auction." However, the court's use of this term was not relevant to its ultimate conclusion that Copart is not a transferor under the statute. Even if it were relevant, cursory research reveals that Copart identifies itself as an auto auction, and therefore the court's characterization was appropriate. See, e.g., Copart Website, Section entitled "About Copart" (self-identifying as "a global online vehicle auction company"), available at, www.copart.com/Content/US/EN/Support/FAW-Topics/About-Copart (last visited Jan. 20, 2016); see also Copart, Inc. v. Sparta Consulting, Inc., 14-cv-46, 2015 U.S. Dist. LEXIS 74662, at *4 (E.D. Cal. June 9, 2015) (noting that Copart alleged in a federal complaint that it sells vehicles "in a virtual auction to a range of commercial buyers").

Finally, Judge Locke found that the Act's disclosure requirement was satisfied as of October 4, 2013, when written title accurately reflecting the vehicle's true mileage was provided to the Plaintiff Bonsu. In this regard, the court cited 49 C.F.R. § 580.5(c), which states, in part, that a transferor satisfies the disclosure requirement by "disclos[ing] the mileage to the transferee in writing on the title . . ."

The Plaintiffs object to this finding, but again do not advance any pertinent reasoning or citation to contrary legal authority.

Accordingly, it is clear that the Plaintiffs have not established their entitlement to a *de novo* review of the portion of the R&R relating to liability under the Act's disclosure provision. In this regard, none of the Plaintiffs' Objections provides "any reasoning – legal or otherwise – to support [their] argument that Magistrate Judge [Locke] erred either in h[is] consideration of the evidence or in arriving at any conclusion or recommendation. Rothenberger, 2008 U.S. Dist. LEXIS 46614, at *3. Therefore, the Court reviews this portion of the R&R for clear error, and finding none, now concurs in its reasoning and result.

## II.     Conclusion

Based on the foregoing, the Court overrules the Plaintiff's Objections and adopts the October 29, 2015 Report and Recommendation of Magistrate Judge Locke in its entirety. Accordingly, the Plaintiff's motion for a default judgment is denied and this action is dismissed without prejudice to refiling at a later date, if it is appropriate to do so.

The Clerk of the Court is directed to close this case.

It is **SO ORDERED**

Dated:     Central Islip, New York
           January 22, 2016      */s/ Arthur D. Spatt*
                                 ARTHUR D. SPATT
                                 United States District Judge